Martin, J.
delivered the opinion of the • court. The effect and force of the judgment obtained by the plaintiff, in his first suit, is to be ascertained by an examination of the act of the legislature, which introduced in this *265 state, or the then territory, proceedings by . T . attachment, as they are now used. It is contended, they are merely proceedings in rem, the end of which is the condemnation and sale of the property attached.
Proceedings in personam against an individual owing no kind of allegiance, to the sovereign in whose courts they are instituted, appear at first view, odious; and if the courtesy, that ought to prevail between independent nations, does not require the courts of any of them should assist in giving effect to the laws of another, to the injury of her own citizens, a court may feel considerable reluctance in giving effect to a judgment rendered against an individual, in the tribunals of a sor vereign to whom he is an utter stranger, and in which he was not nor could be personally cited.
But when the legislator expressly declares his intention, that claims of individuals of other nations, whose property may be found in the country, should be examined and in-forced in his courts, these cannot decline carrying the legislative will into effect, on the ground ; that it is unreasonable and unjust that a defendant should be bound by the de» *266 cisión of the court of a sovereign, to whom he _ s is an utter stranger, whose dominions he never entered, and in a case of which he had personal notice. In this country, the constitutionality of a law is the only ground on which a court of justice can refuse obedience.
Process of attachment is a legal mode of recovering a debt due from a person being about permanently and absolutely to move from the territory, before, in the common course of proceeding, judgment could be rendered, and execution issued against such a defendant; or from a person residing out of the territory, or departed therefrom, or who conceals himself, so that a citation cannot be served on him, so as to compel an answer to the plaintiff’s petition. 1 Martin's Dig. 512, n. 6.
In the first case, that of a person being about to remove, it may be said that the only object of the proceedings, which the legislature had in view, was the security of the debt. In the last, that of a person concealing himself," an additional one was certainly contemplated, viz. to compel the defendant to answer; otherwise he would be permitted to avail himself of his own wrong: against such a defendant the proceedings must be consi *267 dered as in personam; otherwise the will of the i /• , legislators will be defeated. And all the cases mentioned in the law are placed on the same footing — no distinction is made between a person residing out of the country and one concealing himself to avoid the service of the citation.
It is not always wrong, that a person who resides out of the state should be compelled to answer in his courts. If he came in, and after having created a debt here, withdraws without discharging it, nothing ought to prevent his answer being required by the attachment of any property he left behind. Be that as it may, the legislature having made no distinction in cases of attachment, between a person residing out of the state and one concealing himself to avoid the service of the citation, we cannot make any. The express terms of the law are clear and free from ambiguity ; we cannot disregard the letter under the pretence of preserving its spirit. In practice, the courts of this country, in giving judgment in attachment cases, have never considered the proceedings in rem, giving judgment that the property attached be condemned and sold to sátisfy .the claims ; but as *268 in personam, having judgment that the plaintiff recover from the defendant, &c. Whatever may be urged in regard to a judgment rendered in another state, those of the courts of this state must be viewed here in the light in which the legislature has placed them.
Further, the judgment in this case was, that the plaintiff recover, &e. not that the property be condemned and sold, and it stands unreversed.
We conclude the judge a quo erred in refusing to admit the judgment offered in evidence.
It is therefore ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed, and the case be remanded, with directions to the judge, to proceed to a new trial, and to admit the judgment offered in evidence. The costs of this appeal to be borne by the defendant and appellee.