The opinion of the court was delivered by
Miller, J.
The plaintiff, James Q. Ohachere,. p,s the transferee of Joseph Block, and the heirs of Achille Dujire, bring this suit against Simon Block to be recognized as owner in common with him of certain lands in the parish of Oalcasieu. The defendant asserts title to the whole of the land under tax titles acquired by his vendor in 1881. It is conceded that Simon Block, Joseph Block and Achille Dupre were once owners in indivisión of the lands. The plaintiffs claim that the relations of joint ownership existed at the date of the tax sales in 1881; that the sales were in the interest of Simon Block; that hence he could not acquire from the purchaser at the tax sale %hó‘wh'óle óf the property to "the prejudice'of his eo-proprietors,'ánd at best the tax titles can avail only'as'effectihg a redemption of thfe *1387 land from the taxes; but the petition further avers that the tax sales are void because there was no proper assessment or notice to the owner, or other formalities observed required in tax sales.
The defendant, Simon Block, asserts the validity of the tax titles, and besides pleads that the title of Joseph Block, from whom Chachere claims to acquire, and of Aehille Dupre, under whom the plaintiff, his heirs claim, was divested by the surrender in bankruptcy under the Federal Bankrupt Act of 1867, made by Joseph Block and Aehille Dupre in 1874, at which date their titles, now asserted by plaintiffs, existed, and consequently passed to the assignees of the bankrupts. This surrender, supported by the usual decrees of adjudication in bankruptcy and the appointment of the assignees, the defendant pleads as an estoppel against Chachere as assignee of Joseph Block and the heirs of Aehille Dupre. Other defences were urged in our view unnecessary to be noticed. From the judgment of the lower court sustaining the estoppel, the plaintiffs appeal.
By a different line of argument we reach the conclusion that plaintiffs can not maintain this action. It is beyond controversy the titles of Joseph Block and the heirs of Aehille Dupre existed at the date of the bankruptcy proceedings. It is claimed by the plaintiffs the property covered by these titles was not placed on the schedules of the bankrupts. But under the law the surrender divests the title of the bankrupts whether or not the property is placed on the schedule. Again, it is urged on behalf of plaintiffs that the bankrupts can assert title on the presumption their debts are all discharged, and because the assignees make no claim. But it is well settled under the bankrupt law that the title of the bankrupt is forever divested by the surrender, that he can never claim any specific property included in the surrender unless by a new title. See Bump, on Bankruptcy, Sec. 14; May vs. Railroad, 44 An. 453.
The plaintiff in the petitory action must recover on the strength of his title, not on the.weakness of that of his adversary. The plaintiff’s case, or at least the testimony produced, i. e.-, the proceedings in bankruptcy, develop that the property they undertake to claim passed to their assignees in bankruptcy, years since. The defendant claims he holds by a new title acquired since the bankruptcy proceedings from the purchaser at the tax sale. But the character of his ■ title, good or bad,-or whether-or not supported by the prescription *1388 he pleads, is not at all important. It is enough that plaintiffs have no title. 9 Martin, 267; 5 La. 78; 2 An. 246.
There is another view of this controversy.- Simon Block was a party himself to the bankruptcy proceedings, as a member of the commercial Arm of which Joseph Block and Aehille Dupre were also members, all adjudicated bankrupts. None of these parties can appeal to a court of justice to settle disputes arising out of their claims to property which passed to their creditors, and in respect to which, consistently with the law and their oaths to the surrender of all they possessed, they can advance no right whatever, unless by a new title. No such new title is asserted by plaintiffs, and whether the defendant exhibits such new title is a question on which we express no opinion. See cases collected in 2 Hennen’s Digest, 1007, verbo Legality of Contracts, No. 1 et seg.
It is therefore ordered, adjudged and decreed that the judgments of the lower court be affirmed, with costs.
Rehearing refused.